[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The appellant ("Biondi") appeals the decision of the Board of Review ("Board") pursuant to General Statutes § 31-249(b) for unemployment benefits. The Appeals Referee reversed the Administrator's granting of benefits. The plaintiff appeared pro se through all the proceedings hereunder. The employer Rowland Technologies Inc. appeared through counsel.
The Board certified the record in this case.
On October 21, 1998, Notice to the interested parties mailed. Cert. Rec. #5. Hearing date November 2, 1998. Notice provided that hearing will be conducted by telephone. CT Page 16935
The Board of Review discussed the appeal of the claimant, affirmed the appeal of the Appeals Referee's denial of eligibility. The claimant filed this appeal pursuant to General Statutes § 31-249(b).
At the time of trial, before the court, the attorney general's office on behalf of the respondent gave an overview of the case. (See transcript page 3). "This case involves a factual dispute that relates to whether Biondi as an employee became a voluntary quit without good cause attributable to the employer such that he was found ineligible for unemployment compensation."
The Board found the applicant ineligible based on General Statutes § 31-236.
The respondent conceded in fairness to Biondi that there was a bonafide factual dispute and that they dealt with the issue of working conditions.
The respondent conceded further that there was some compelling interest on the part of the health and safety of Biondi, but contended there was sufficient evidence in the record including medical information, to demonstrate that the Board's decision is "rationally and logically supported by the evidence and that the conclusion of the Board that he was not eligible for unemployment compensation." (Tr. 4).
Biondi asserts that he was never notified about a referee's hearing and did not have an opportunity to dispute the facts found by the Appeals Referee.
Biondi asserts that the findings 6 through 11 (Cert. Rec. #7)[1] are all untrue.
Biondi further argued at trial that the medical evidence he had which was never given to the Appeals Referee because of lack of notice as to the hearing is in direct conflict with the evidence provided to the Referee and Board.
Biondi further asserted that upon his return to work the gloves provided by his employer were inadequate and that the chemicals he was required to use ate through the gloves.
At trial Biondi asserts that he was under the care of Dr. Patten and Dr. Knoll who advised him about his condition and work that was contrary to the employer's doctor, Maxwell. CT Page 16936
Biondi further vehemently denied that he was offered alternative work and that he loved working at this place of employment. Biondi further asserted at trial he was able to perform other work at the employer's company.
Biondi argued that the manager influenced the doctor in his report out of his presence.
The issue in this case is controlled by General Statutes § 31-236(a) which provides in pertinent part whether the employee left suitable work without good cause and whether knowingly, the employer changed the conditions of employment when warranted.
Connecticut courts when applying General Statutes § 31-236(a) allow an individual to leave work when an ordinary reasonable person has no alternative but to terminate employment.
In view of the conflicting evidence as to the medical condition of Biondi and the question of notice as to the hearing, this court pursuant to § 31-249(b) remands the case back to the Appeals Referee for a new hearing with due notice to all necessary parties.
Frank S. Meadow, Judge Trial Referee